[No. 3464.]

## IN THE MATTER OF THE WILL OF HATFIELD.

1. BILL OF EXCEPTIONS—*Requisites.* Where it is proposed to question the sufficiency of the evidence to support the judgment below the bill of exceptions must set forth all of the evidence.

2. APPEALS—*Questions Litigated and Determined in the Court Below, Though Not in Issue,* if argued in this court may be considered.

3. WILL CONTEST—*Competency of Witnesses.* The wife of a legatee is a competent witness to support the will.

*Appeal from Boulder District Court.* Hon. Harry

P. Gamble, Judge.

Mr. George W. Taylor, for contestant.

Mr. Duncan McPhail and Mr. M. M. Rinn, for defendants.

Cunningham, J.

From a judgment of the district court sustaining the will, which had theretofore been admitted to probate in the county court of Boulder County, contestant brings his appeal.

The main contentions urged by the contestant against the will, are:

1.   That the testatrix was in such a state and condition of bodily health from age, sickness and mental infirmities, as to be incapable of making a will.

2.   Undue influence.

3.   That the witnesses to the will were not competent for the reasons (a) that one was the attorney of the proponent, a beneficiary, at the time the will was prepared and signed; (b) that the other was the wife of one of the legatees named in the will. However, we do not find that the third ground was set up or alleged in the written objections filed to the will, although testimony was introduced upon it, and the argument of the matter consumes the greater part of the briefs of both parties.

1.   It appears upon the face of the bill of exceptions that much of the evidence has been omitted therefrom. Hence all questions of fact on which the issues were joined, and which were necessarily determined by the judgment, may not be considered

by us. Whether the testatrix was of unsound mind; or was unduly influenced; or whom the attorney who drew and witnessed the will represented, we are not at liberty, under the incomplete record, to decide.

2. Inasmuch as the written objections to the will fail to challenge the competency of the witnesses we might, perhaps, with propriety, decline to consider that question also, but, inasmuch as evidence was offered and received without objection, touching the competency of the witnesses, and both parties have discussed the matter at length in the briefs filed, we have concluded to pass upon this feature of the case.

One of the witnesses to the will was the attorney who prepared it. Whether he represented the testatrix or one of the beneficiaries cannot be determined by us, because of the condition of the record, to which attention has already been called. The other witness was the wife of a beneficiary, and it is vigorously asserted on behalf of the contestant that she was, by reason of this relationship, rendered incompetent. It was ruled in *Butler v. Phillips,* 38 Colo. 378, that in a proceeding upon the allowance of a claim against the estate of a decedent, the wife of the claimant is a competent witness to testify in favor of her husband. This conclusion was reached in the Butler case after an exhaustive consideration of the common law and the statutes of this state. This decision was followed in *White, Admr., v. Christopherson,* 46 Colo. 46. If the wife may give testimony for the purpose of establishing the claim of her husband against an estate, when he appears as a creditor, we perceive no reason why

she may not testify in his behalf for the purpose of establishing his claim as a legatee or devisee under a will.

The judgment of the trial court will be affirmed.

*Affirmed.*